Before we begin, Judge Jordan and I would like to say we're delighted to be sitting with the Honorable Harvey Schlesinger, a United States District Judge from the Middle East of Florida who has helped us on numerous occasions. So we're glad you're here, Harvey. We'll begin with Meyers v. United States. Mr. Glover. Court. My name is Edwin Glover. I represent Mr. Meyers. This is not a typical trust fund penalty case. That's because at the time the companies were not paying the payroll taxes, the companies were in SBA receivership. So the issue is, does it matter? Does it matter that the companies were in an SBA receivership and does it matter that the agent representing the SBA directed that creditors other than the IRS be paid? The government rejects our use of the word or concept of, quote, government, unquote, to characterize the SBA in this case. Their position is that there's an ironclad rule, a sort of strict liability, that when a federal agency acts as a receiver, it does so without any governmental authority. End of story. The government cites the Petraeus and Adams cases for their position. The only problem for the government is that these cases support our position, not theirs. These cases make it plain that it is not always the case that when a receiver is appointed over a private entity, the receiver always steps into the shoes of the private entity. These cases say the receivership usually steps into the shoes of the private entity or under the circumstances may step into the private party entity. So, both cases allow for the unusual case where the receiver does not step into the private party status and remains a governmental authority. So contrary by the claims of the government, there is no rigid rule that when a federal agency acts as a receiver, it loses its identity as the government. It seems that the question is a matter of the distinct facts under the case. This case, Mr. Meyer's case, is a highly unusual case when the federal agency did not transform into a private entity. It is unusual because the SBA, through its agent, took direct part in the daily operations of the businesses, including directing which creditors to pay. Nowhere in the New York State District Court decree creating this receivership did it give the receivership the right to redirect payroll tax withholdings. When Mr. Stern, the agent for the SBA, did so, he was acting outside of the receivership. He was acting solely as an agent of the SBA, a governmental agency. Your assertion, aside from that first legal point, has to be that Mr. Meyer's was directed not to pay the payroll taxes. Yes. The District Court didn't think that the testimony allowed such a finding. What do you say about that? There was testimony from Mr. Meyer's that he was directed to not pay the payroll taxes first. There are many, many emails in the record showing that Mr. Stern took direct part in operational decisions. There's testimony from two non-party disinterested witnesses that Mr. Stern was knee-deep in the operations of the businesses. And if he was taking part in the day-to-day operations of the business, it makes it very likely he was taking part in the decisions as to which creditors not to pay. Is your argument that it was improper to grant the summary judgment or, as a matter of law, because of this governmental receivership relation, that he could never be held liable? We disagree with the District Court's ruling that under no circumstances could Mr. Meyer's escape liability because of the actions of the agent. We reject that, yes. One of your arguments at the end of your brief is that there are issues of material fact. Yes. Is it? So you think that at best, you get a trial? Yes. The material fact issue is your client's testimony, I take it. That's about the size of it? I'm sorry, sir. What? Your client's testimony. That's about the size of it? As far, no. Mr. Kitchens also in his deposition mentioned the fact that Mr. Stern was directing the operations of the company and also gave instructions to pay the critical creditors first. That's my point. That's what your client said. Yes, my client is saying, is asserting that, yes. If he had admitted that Stern didn't tell him that, that's the end of the case. That would be the end of the case, yes, sir. I wouldn't be standing here. What you want is you want your client to be able to say the same thing he said on deposition before a jury. Yes. If the issue is whether or not Mr. Stern gave him instructions not to pay the payroll tax or whether under the law that would relieve him from paying. He should be relieved of paying due to the fact that he should not be found to be a responsible party because the district court order in New York took from him the responsible party status. Also, combine that with the fact that Stern was participating in the daily operations of the business, that should take from him responsible party status. Yes. What about the district court tried to parse the factual issue by saying that Avalon held a majority interest in Windows and Unite and therefore had certain rights with regard to those two entities, but those rights said nothing about the day-to-day operations of those two companies. Does that make any difference in your mind? Avalon had controlling interest in Window and Unite. They had the right to elect the board. They were at a typical equity outfit, a typical equity arrangement with a company. Well, Avalon was the holding company, yes, and they had voting rights to establish the board, which would have been easily done, it wouldn't take much effort to do that. Our position is that when the SBA took over Avalon, it took the rights of Avalon through its voting power to control the underlying companies, yes. Is your argument at all that because Avalon had controlling interest, let's forget SBA, that your client couldn't be responsible? If the SBA were not involved, if the government were not involved, then this would be a very easy case, yes, Mr. Myers would be a responsible party, there's no question of it. I wouldn't be standing here. You're back to the government's involvement then? Yes, the government involvement is everything. How about the last factual twist I want to ask you about is the district court noted and relied in part on the fact that when Windows and Unite voted to seek bankruptcy protection according to the district court, they did not notify the SBA receiver. And that, I guess, the district court signaled some sort of break between what the receiver might have been telling the people who were running those two companies to do. The break came about because the SBA, when it saw it could not recover any money, just severed all ties with Windows and Unite and left Mr. Myers and Mr. Kitchens alone to clean up the mess. What's the fact issue about the government's involvement? You've now taken the position that the government's involvement relieved him of the obligation. The government's involvement makes this case distinct from other cases where only private entities were concerned. As a matter of law or is there a fact issue about the government's involvement? There's a factual issue as to the government's involvement, yes. Tell me how that would go to the jury, that fact issue. Well, it would go to the fact issue because we... No, no, no. I'm sorry. What would the court instruct the jury? What would the court... The case boils down to whether the government's involved. You say if the government is involved, he's not responsible. So now we're in a jury trial and the question becomes what does the instruction to the jury look like? The instruction to the jury would be that if they conclude that the government was involved and that the government... No, no, no. How would the court define involvement? Tell me how the court would help the jury determine whether the government was, quote, involved. The court could instruct the jury that if they believe that Brian Stern, the agent for the SBA, took part in decisions, for example, which creditors to pay, which equipment to buy, which employers to retain, which employers to hire. If they believed those facts, then they could find that the government was involved. But you need a little more than that, right? Because if the SBA receiver, for lack of a better term, was involved in the day-to-day operations but had not told Mr. Myers to, in your client's view, to put payroll taxes to the back end of the line, you would not win, right? If you couldn't show them, you wouldn't, no. I mean, if the SBA receiver was involved, as you suggest, in the day-to-day operations and running everything, making corporate decisions, but when it came time to where to put the priority for paying debts, the receiver told Mr. Myers, you do what you think is best. You may not prevail, right? That would be a different case. You would not prevail, yes, if you took part in all operational decisions with the exception of which creditors to pay. You just said that if the government was involved in the operation supervising, he had no responsibility. That's one of our arguments, yes. So the question before the jury would be, was the government involved? And the court would have to define involvement. Yes. And he would have no liability if the jury said, yes, the government was involved. That's your case. That's one of the arguments we're making. Is that your case? Our case... No, no. Can you answer that? Yes or no? If government's involved, he has no responsibility. It would depend on the degree of involvement. Let me suggest one answer for you. I'm sorry. The answer for you, I think, assuming you're right, that government involvement of some degree can absolve someone of responsible person status. Yes. The only way you can prevail is if that involvement was of such a degree that the receiver was telling Mr. Meyer to put payroll taxes to the back end of the line and pay other creditors first to keep the companies afloat. That's our case, yes. That's what the jury would be asked to find. Did the receiver instruct or tell Mr. Meyers to defer payroll taxes to the back end, pay everybody else, to keep vendors, for example, to keep the company afloat? And if, under your theory of the law, if that's what the receiver told your client to do, then your client's not a responsible person. He's not a responsible person. That also goes to our defense relating to a reasonable cause as well. I think I've had mine. Would it matter whether the government was not involved with the same factual scenario? If the government was not involved, I wouldn't be standing here. No, no, no. You have the controlling equity chairman tells him the same thing. Yes. Well, if the controlling equity . . . And now the controlling equity does the same relationship as Stern had with him, same conversation. Well, at the time that all this happened, the receivership . . . Wait a minute. Is he liable or not? I hate to say this. Could you repeat that? I'm sorry. Well, let's substitute the government. Stern is working for the equity firm that has a controlling interest. Yes. Just like the receiver does. Yes. The receiver took their place. The receiver took their place, yes. Okay. Let's just get the receiver out of the picture. We have Stern as the same guy, same conversation. Same conversation, but it's not a receiver. It's, say, a CEO or a CFO of a private company. Whatever. Same conversation as your client absolved. Yes. This case is different because of the governmental involvement. If the government wasn't involved, I wouldn't be standing here. Then it doesn't matter whether the government is involved or not. Everything matters whether the government is involved. You just got through saying that if Stern was working for the equity firm, same arrangement. Same arrangement, yes. Then he's not involved. Your client is not liable. If he were working for the equity firm . . . Well, when the receivership came in, they fired all the employees of the equity firm. You said the opposite to Judge Choflat. I want to make sure I understand. Do you agree, concede is a tough word, but do you agree that if Mr. Myers had been told under the normal corporate chain of command . . . Yes. . . . without government involvement . . . Yes. . . . to not pay payroll taxes, he could not avoid liability if all the other badges of a responsible person were there? Yes, that's true. If the government was involved . . . Could not avoid liability? If the government was involved, this would be a completely different case and he would be liable, yes, but the government is involved. Okay, so there's a different rule of law depending on whether the FBIC is a receiver. There should be a different result in the case. No, I mean that's your position. That's the position you're telling us. Yes, the government matters. You had the same relationship, Stern and your client, with no government involvement. Stern's working for the equity firm. You say he's liable. He would be, yes. Okay, so it all hangs on the fact that FBIC is a receiver. Yes. And because FBIC is a receiver, that affects liability. Well, it's not the FBIC, it's the SBA, but yes. In fact, it removes his responsibility. Yes. Okay. You've saved some rebuttal time. Okay. Thank you. Ms. Wang. Good morning, Your Honors. Cheryl Wang for the government. The fact that there was a receiver in this case and the fact that the receiver was the SBA does not change the fact that Mr. Myers was both responsible and willful. What we need to have a responsible person, talking about the responsibility pronoun, is significant responsibility and not ultimate responsibility. So regardless of how much the SBA involved itself in the company's day-to-day operations, Mr. Myers reached that significant level of responsibility that we need for finding him a responsible person in the company. But Mr. Myers' argument is at a broader level that if the government, on the one hand, acting as a receiver of the SBA is telling him not to do something, then the government, on the other hand, the IRS can't punish him for doing what the government told him in the first place not to do. You don't think that there's something to that notion? Well, first, I think one thing that's very important to keep in mind is that who had the checkbook. Mr. Myers has signature authority on the company accounts. The SBA did not. Now, I understand, I could see how in Mr. Myers' mind it was the government, which we argued it was not. It was a mistaken belief, let's say, that the SBA was acting as the government telling him, well, which it didn't even tell him according to his own testimony, to not pay the taxes. Well, as a very experienced CPA, Mr. Myers knew that he had to pay over the taxes and that it would be unlawful to do so. And if he is hearing that Mr. Stern, a purported government agent, is telling him to do something unlawful, well, red flags should have gone up and say, well, what are my choices here? You know, I could either disobey this person that I regard as my superior or I could do something unlawful. And then the cases say, well, your option is really to either disobey the superior, do the lawful thing and pay the government and probably look for a new job, unfortunately, or you go look for a new job. But Mr. Myers is right about one thing undoubtedly, and that is that there are no cases addressing a claim that a person can avoid responsible person status if a government agent tells him or her not to pay payroll taxes. There are no cases out there addressing this factual scenario, right? Not on that specific issue. The cases that both of us discussed in our briefs were McCarty and Jones. And the key fact in those cases, again, is control of the bank accounts. In Jones, there was a material dispute of fact because the receiver, who I don't think was a government agent, yes. What difference does it make whether the government is the receiver or a private entity is the receiver? And the reason I ask that question is both of them are under the district court's jurisdiction. Both are responsible to the district court as receivers. So what difference does it make whether the receiver has a federal hat on it or not? It doesn't. That is, well . . . Is there any difference, I'll put it another way. Is there any difference between the relationship of the government to the judge who declared the receivership or the private entity to the judge? I would say in this particular case . . . Forget this case. This is a general proposition. A federal district judge declares an entity, private entity, in receivership because they've defaulted some loans, say with a bank. Now the court . . . There's a petition to put the entity in receivership, and the court appoints a private entity. Yes, I think . . . In this case, the default was SBA loans, so the government put the SBA in place. What's the difference between the judge's relationship as overseeing the receivership? Because in one hand, there's a government entity. In the other, it's not. I think there should be a difference because if the SBA were actually acting as the government entity, a government entity, which it is not in this case, then the facts would come closer to the McCarty case. Can the SBA do anything more with the receivership than a private entity would? Under . . . I would say no because . . . Because the substantive law of receivership controls, isn't that right? Correct. Okay. Right, and the terms of the district court's receivership order. Yes. Aren't you basically arguing if the government is acting as a receivership, they can remove the party here, Myers, from being covered as the responsible party? They could have fired him, yes. Yes, but that is not a defense. And a private entity as a receiver could do the same thing. Exactly, and that is not a defense either. Mr. Glover just now made the point that the government as a receiver does not always act rigidly as a private entity, but if you look at the Third Circuit case, Petras v. Simperl, that we cited, it's actually very similar to our case in that respect when the company was put into receivership, it's down to the very similar language of the receivership order, which is it's stepped into the shoes of the private entity at issue, and therefore it cannot be sued as the government, or a suit cannot be brought on its behalf as the government under the False Claims Act. So as far as that goes, that is a very comparable situation. So I would urge the Court to go back to first principles, SBA as the government or SBA as the private entity, which is Mr. Myers had the significant sufficient level of responsibility to be a responsible person, and he was willful as a matter of law because he knew that taxes weren't being paid. He controlled the company accounts, and he paid other creditors ahead of the IRS, and therefore we ask this Court to affirm the grand summary judgment to the government. Thank you. If we disagree with you on the legal issue, the broad legal issue of whether or not the SBA receivership makes a difference, are there issues of fact about what the receiver told Mr. Myers to do or not do? His testimony quoted by the district court is that the receiver was told that payroll tax liabilities had not been paid, and he instructed Mr. Myers, this is Mr. Myers' words, he instructed me to pay the critical vendors, the printers, the drivers, and the employees, and when the other assets were sold or the bridge loan would be received, we would take care of the other liabilities including payroll taxes. If that testimony is taken in the light most favorable to Mr. Myers at summary judgment, there's an issue about whether or not he was told not to pay payroll taxes, right? Assuming we disagree with you on the broad question of whether or not the SBA receivership makes a difference, if you win on that first issue, the case is over, but if the SBA receivership does make a difference, is there a question of fact about what Mr. Myers was told? I would say the jury would be entitled to hear Mr. Myers and say, well, does this come close enough to an explicit… He did a lot of waffling and what the district court put in the order, he did a lot of waffling, but at the bottom line, he ultimately said he was told to hold off. Sharpen my pencil later. Right, he was told once explicitly to sharpen a pencil and get it paid. So this case turns on whether or not it's important that the SBA is a receiver versus an entity. I speak for myself. I can't conceive of why they should be treated differently. If that's the case, then there are different substantive rules governing the interaction between the receiver and this entity. I don't know how. How would we write an opinion and say there are different rules? I would agree with you that would be a dangerous precedent to set and that it should not make a difference and the focus, again, is on control. Who had the checkbook? I mean, they both have the same obligation, fiduciary obligation in terms of disposing of the asset. Yes, Your Honor. The private entity and the SBA. Yes, Your Honor. So I will ask the court to affirm. So his position is that there's a greater fiduciary obligation on the SBA as receiver than a private entity and I just can't understand that. Yes, and we know of no rule of law that would set that precedent. Okay. Okay. Thank you very much, Your Honors. Okay, Mr. Glover. Do you have a case which says that the government is a receiver? It could be the FDIC. This happens to be the SBA. The SBA has a different fiduciary obligation to the seized or received property than a private entity would under the court supervision. I believe that the district court in New York, I believe that they actually granted more power to the receiver than a private entity, say the holding company, would have. What did they say in the order that said you're going to be treated differently? They gave it more obligation? I remember from reading the decision or the decree in the court, they incorporated, if I'm not mistaken, some sort of federal statute. Well, let me put it this way. Is there a different standard in granting a receivership because it was the SBA versus a bank? That I don't know, Your Honor. Can you imagine it being a different story? You've got a big, huge Chase Bank that loaned the money and there's a default and they move to put them in receivership. An SBA loans money and there's a default and move to put them in receivership. Do you think there's a different substantive rule which would guide the district judge in whether or not to grant the petition to put them in receivership? I'm not aware of any, Your Honor. Didn't that order just basically say, the receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the general partners, managers, officers, and directors of Avalon? And that was basically it. Well, that was basically it. But like I said, if I— That's what happens when you put them in receivership. Yes, but there was also some sort of additional power that was given to them that said that they would have the same powers as under some sort of particular statute. And I don't recall what it is at this point. But it seems that that being the case. It seems that that being the case. Excuse me, Your Honor. Go ahead. You can cite it to us if you want to. I don't have it available here, too. The statutes? Yes, there were some statutes in there. Yes, 15 U.S.C. 687 and 28 U.S.C. 754. It said they have the same powers as given in those statutes, but I don't recall the specifics of those statutes. I'm sorry. I'd like to move on. The government is saying that Mr. Stern never told him not to pay the taxes. But then again, I believe you, Your Honor, you said a few moments ago that reading all the decisions and all the receipts, it was apparent that he was telling— There's a fact issue as to whether or not he was told. Yes. But it doesn't make any difference. If government as a receiver is the same as a private entity, you lose. We would lose if the government were not— If it was Chase Bank that was a receiver exercising the powers of the directors and so forth, you lose. I would say yes.  So it has to be because it was the government. The government. And it was the receiver. Yes. The government says that, like I mentioned a moment ago, that Stern told him not to pay the taxes, and this is just misleading. The government seems to want magic words like, I command you not to pay the taxes, I'm expressly telling you not to pay the taxes, but this is not how people communicate. My wife doesn't say, I command you to take out the trash. She says, trash bag's full, don't you think? Or she wants me to mow the grass. She says, grass is getting high. I don't want another letter from the HOA. Most workplace supervisors don't use that kind of language. They say something like, deadline's approaching or whatever. So it can't be said that Mr. Myers never admitted that Stern didn't tell him to skip on the payroll taxes. As we've said, and as you've elucidated, it's very clear what happened. Mr. Stern told him to pay the critical creditors first, and then when Mr. Myers said, well, what about the payroll taxes? He said, we'll pay them later. Kicked the can down the road. I want to mention for a moment the government's, our claim that Mr. Myers has a reasonable cause defense. Can anyone look at the evidence in this record and come away with the conclusion that the SBA took no part in the operation of these companies? The government keeps trying to split hairs about how Window and Unite were independent companies, independent from their holding companies. And Mr. Stern says he had nothing to do with anything. He was just a passive spectator. The only thing Mr. Myers knew when all of this was happening was that the government had taken over his employer, and when the government spoke through its agent, Mr. Stern, he was to do as he was told. Mr. Myers thought when the SBA took over the companies, the Calvary had come to the rescue. He could look to them to tell him what to do about the mess he had on his hands. How could he believe, how could anyone believe that the government can tell you to do something and then after you've done it, the government can then punish you for it? Mr. Myers, Mr. Stern knew that Mr. Myers was subjecting himself to the trust fund penalty, and he said nothing. Mr. Stern watched payroll after payroll go by, and he said nothing to Mr. Myers about the risk of a trust fund penalty. The reasonable cause defense was put into play to avoid an injustice, an injustice that couldn't have been foreseen at the time that it was put into the case law, but the courts realized that they had to have a safety valve somewhere. And this is a case where Mr. Myers should be given the benefit of this reasonable cause defense, because at all points, he was simply doing as he was told, and he was doing what he thought was right. If the government's position is upheld, not only will Mr. Myers be punished, but this is going to hurt the federal bureaucracies. It's going to bring them into disrepute and disrespect. We have a right to expect better than this from our government. We simply just deserve better than this. I rest my case. Thank you, Your Honor. Thank you. We'll move to the next case.